410 F.3d 531
 GERLING GLOBAL REINSURANCE CORPORATION OF AMERICA, U.S. Branch; Gerling Global Life Reinsurance Company; Gerling Global Life Insurance Company; Gerling America Insurance Company; Constitution Insurance Company; Revios Reinsurance Canada, Ltd.; Revios Reinsurance U.S., Inc.; Assicurazioni Generali S.P.A.; American Insurance Association; American Re-Insurance Company, Plaintiffs-Appellants, and
Winterthur International America Insurance Company; Winterthur International America Underwriters Insurance Company; General Casualty Company of Wisconsin; Regent Insurance Company; Republic Insurance Company; Southern Insurance Company; Unigard Indemnity Company; Unigard Insurance Company; Blue Ridge Insurance Co., Plaintiffs,
v.
John GARAMENDI, in his capacity as the Insurance Commissioner of the State of California, Defendant-Appellee.
American Insurance Association; American Re-Insurance Company, Plaintiffs-Appellants,
v.
John Garamendi, in his capacity as the Insurance Commissioner of the State of California, Defendant-Appellee.
 No. 04-15332.
 No. 04-15455.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 13, 2004.
 Filed March 10, 2005.
 Amended June 3, 2005.
 
 Charles A. Rothfeld, Mayer, Brown, Rowe & Maw, LLP, Washington, D.C., for the plaintiffs-appellants.
 Frank Kaplan, Alschuler Grossman Stein & Kahan, LLP, Santa Monica, CA, Leslie Tick, California Department of Insurance, San Francisco, CA; and Andrew W. Stroud, Mennemeier, Glassman & Stroud LLP, Sacramento, CA, for the defendant-appellee.
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, Chief Judge, Presiding. D.C. Nos. CV-00-00506-WBS, CV-00-00613-WBS/JFM.
 Before GOODWIN, GRABER, and PAEZ, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed March 10, 2005, slip op. 3137 and appearing at 400 F.3d 803 (9th Cir.2005), is amended as follows:
 
 
 2
 400 F.3d at 809 (slip op. at 3150, 10th line from the bottom of the page): Following the citation at the end of the sentence, "We conclude that the unaddressed due process and Commerce Clause claims ... pass the `substantiality' test and therefore support an award of fees to the plaintiffs," add the following footnote and renumber the subsequent footnotes accordingly:
 
 
 3
 FN 1: The Commissioner and Amici argue that this result is contrary to National Private Truck Council, Inc. v. Oklahoma Tax Commission, 515 U.S. 582, 592, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995). Truck Council held that where an adequate state law remedy exists in a state tax case, federal courts are not permitted to award declaratory or injunctive § 1983 relief. Id. at 589, 115 S.Ct. 2351. The Court affirmed the Oklahoma Supreme Court's rejection of the plaintiff's § 1983 claims and declined to award § 1988 attorney's fees because § 1983 relief could not be awarded. Id. at 592, 115 S.Ct. 2351. The Truck Council holding is entirely consistent with our decision. If a plaintiff does not have a substantial, properly cognizable § 1983 claim, then § 1988 attorney's fees may not be awarded. In addition, if the Supreme Court in this case had expressly affirmed Gerling II's rejection of plaintiff's due process and Commerce Clause claims, then plaintiffs would not be entitled to § 1988 fees.
 
 
 4
 With the opinion thus amended, the panel has voted unanimously to deny the petition for rehearing. Judges Graber and Paez have voted to deny the petition for rehearing en banc, and Judge Goodwin recommended denial.
 
 
 5
 The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.
 
 
 6
 The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.
 
 
 7
 No subsequent petitions for rehearing or petitions for rehearing en banc may be filed.